## GOINGS *a.* PATTEN.

*New York Common Pleas ; General Term, July,* 1863.

### ACCOUNT.—BILL OF PARTICULARS.

A defendant relying on an account stated, if he fails to prove that it was mutually adjusted, and the balance ascertained, may fall back· upon the accounts and prove that there is, in fact, a balance due him, unless his pleading is so framed as to show that he relies solely on the account stated.

A pleader, claiming on an account stated, who refuses to furnish the items of his demand, pursuant to section 158 of the Code of Procedure, should be precluded from giving evidence of such items further than may be necessary to prove the settlement of the sum due.

The refusal of the court to allow a party to serve a bill of particulars after his time to do so has expired, is not reviewable on appeal.

Appeal from an order precluding defendants from giving evidence of the items of an account.

This action was by Charles Goings against Ludlow Patten and Alexander S. Clark. The answer set up certain payments, and a counter-claim upon an account, the items of which were not given: the plaintiffs demanded a bill of particulars, which was refused, whereupon the following order was made: "That the defendants, on the trial of this action, be and they are hereby precluded from giving any evidence of the account and the items thereof, stated and mentioned in the answer of the defendants served in this action, except only so far as may be necessary to establish the single defence of account stated and

settled between the parties, it being alleged on this motion that that is the only defence sought to be interposed in this action, and set up by the defendants' answer." From this order the defendants appealed.

*Jasper W. Gilbert*, for the appellants.—I. The court should have determined whether the answer alleged an account under section 158 of the Code. If it did, time to furnish items should have been allowed on terms: if it did not, the order is erroneous. The argument of counsel should not have the effect of an estoppel.

II. The order may be construed so as to preclude the defendants from proving the payments alleged in the answer.

*Dewitt C. Brown*, for the respondent.—I. The answer alleged an account, within the meaning of section 158 of the Code. The refusal to furnish a bill of particulars justified the order. (Kellogg *a*. Paine, 8 *How. Pr.*, 329; *Code*, § 158.)

II. Defendants' counsel should be held to his interpretation of his own pleading.

III. The order was entirely discretionary with the judge below. He has power to order that a bill of particulars be furnished in all cases.

DALY, F. J.—The appellant insists that the judge should have decided whether this was or was not an averment of an account under the 158th section of the Code: that if it were not, the plaintiff's motion should have been denied; and that if it were, the defendants should have been allowed time to furnish items upon terms. I do not see that this necessarily follows. A party may fail to establish the stating of an account, but that does not cut him off from any defence he may have upon the unsettled account. The two defences are not inconsistent. "The statement of an account," says an old case (Drue *a*. Thorne, *Alleyn*), "doth not alter the nature of the debt; it only reduceth it to a certainty." It admits the existence of a prior running account; and because a party relies upon the defence, that it was mutually adjusted, and the balance ascertained and fixed, and fails to prove it, he is not thereby precluded from falling back upon the accounts, and showing that there is,

in fact, a claim or balance due to him. He would undoubtedly be precluded from doing so if his pleading were so framed as to show that he relied solely upon the defence of an account stated, for, that being made the sole issue, the other party might come unprepared to try any other. But a party might always join with an account stated a count for the original debt; and if he failed upon the one, he might recover upon the other. (1 *Saund. on Pl. and Ev.*, 42.) In the present case, the judge appears to have regarded the defendants' answer as entitling them to prove an account stated, which raises an implied promise to pay the sum found, upon the mutual adjustment, to be due; or, failing in that, to show the existence of a mutual account, and an indebtedness to them arising under it. It would have been entirely consistent with the defence of an account stated, for the defendants to have furnished a copy of the account upon which they meant to rely in the event of their failing to prove the stating of an account. They elected not to do so, and so cut themselves off from the right of giving any evidence to that effect, and limited themselves upon the trial to the proof of an account stated. The defendants having failed to deliver a copy of the account within the time which the Code allows after demand made, the plaintiff was entitled to an order precluding them from giving evidence of it.

It does not appear that the defendants asked for liberty to delivery a copy of their account then, upon terms; but if they had, and the judge had refused, it was a matter entirely in his discretion, which could not be reviewed upon appeal. The clause in the order that it should not be construed as precluding them from establishing the defence of an account stated, was unobjectionable. It prevented the possibility of any misconstruction upon the trial as to the meaning of the order. As the defendants had precluded themselves from setting up any other defence, they could in no way be affected injuriously by it.

The order at special term should be affirmed.

HILTON and BRADY, JJ., concurred.